


CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COSCO EUROPE BULK SHIPPING GMBH

                     Plaintiff,

       v.

CARGILL INTERNATIONAL S.A.,

                    Defendant.
------------------------------------------------------------X

08 CV _____

**VERIFIED COMPLAINT**

       Plaintiff COSCO EUROPE BULK SHIPPING GMBH (hereinafter "COSCO") by its attorneys, as and for its Verified Complaint against the Defendant CARGILL INTERNATIONAL S.A. (hereinafter "CARGILL"), alleges upon information and belief as follows:

### JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

2.      At all times material hereto, Plaintiff COSCO was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with and office and principal place of business in Germany.

3. The plaintiff is engaged in business as an owner of ocean-going vessels pursuant to which cargo is transported in exchange for payments of hire or freight.

4. At all times material hereto, Defendant CARGILL was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country or countries with offices at 14 chemin de Normandie, 1206 Geneva, Switzerland.

5. The Defendant is a charterer of ocean-going vessels.

FIRST CAUSE OF ACTION
<u>FOR BREACH OF MARITIME CONTRACT</u>

6. On or about August 15, 2007, CARGILL, as charterer, entered into an agreement with COSCO, as owner, whereby COSCO's vessel, the M/V AN HO, was hired for a specified period of time.

7. This contract between ATS and CARGILL is a maritime contract in the form of a fixture recap and resulting Time Charter contract, dated August 15, 2007 (hereinafter collectively referred to as the "maritime contract").

8. Pursuant to the terms and conditions of this maritime contract, the parties agreed to, among other things, a daily hire of US$60,500.00 per day or pro rata for the use of the vessel and that all disputes arising under this maritime contract would be subject to English law and resolved by arbitration in London.

9. The vessel remained under charter for 204.975 days, during which time CARGILL made partial hire payments to COSCO. Although COSCO has performed all of its duties under the maritime contract, there remains a balance of hire due and owing from CARGILL to COSCO in the amount of US$1,901,517.92 for the use of the vessel.

10. COSCO has duly requested that CARGILL pay the outstanding hire, but CARGILL has failed to do so and in breach of the maritime contract.

11. This unjustified failure to pay hire constitutes an improper breach of the maritime contract and has resulted in damages to COSCO in the amount of US $1,901,571.92 in addition to awardable interest, fees, and costs.

12. As previously indicated above, the maritime contract provides that any disputes arising under said contract are subject to resolution by the arbitration in London, England, and to be determined under English Law, none of which is deemed waived, and, in accordance with the terms of the maritime contract, COSCO has already demanded arbitration and nominated an arbitrator.

13. Furthermore, the award of fees and costs is allowed under English law and is regularly awarded in London arbitration regarding maritime matters such as the subject dispute. The estimated awardable interest, fees and costs for the arbitration of COSCO's claim against CARGILL is approximately US $600,000.00.

## PRAYER FOR RELIEF

14. Notwithstanding the fact that the liability of CARGILL is subject to a determination by an arbitration panel in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

15. Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO Bank, American Express Bank, Ltd., Bank of America, Bank of New York, Citibank NA, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe

Generale, Standard Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

    16.    As set forth in the accompanying declaration of Timothy Semenoro, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

    17.    Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

    18.    In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable pursuant to English law in the London arbitration.

    19.    Plaintiff's aggregate claim against the Defendant amounts to US$2,501,517.92 which is comprised of the underlying claim of US $1,901,517.92 for damages plus estimated awardable interest, costs, and fees.

WHEREFORE, Plaintiff prays as follows:

    A.    That the Defendant be summoned to appear and answer this Verified Complaint;

    B.    That the Defendant not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter hire,

credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

    C.    That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US$2,501,517.92, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

    D.    That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       May 2, 2008

                        CHALOS, O'CONNOR & DUFFY, LLP
                        Attorneys for Plaintiff

By: _____
                        Eugene J. O'Connor (EO-9925)
                        Timothy Semenoro (TS-6847)
                        366 Main Street
                        Port Washington, New York 11050
                        Tel: (516) 767-3600 / Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COSCO EUROPE BULK SHIPPING GMBH,

                Plaintiff,

                08 CV _____

   v.

CARGILL INTERNATIONAL S.A.,

**VERIFICATION OF COMPLAINT**

                Defendant.
------------------------------------------------------------X

     Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

     1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff COSCO EUROPE BULK SHIPPING GMBH herein;

     2.    I have read the foregoing complaint and knows the contents thereof; and

     3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       May 2, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff

              By:    _____
                              Timothy Semenoro (TS-6847)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel:  (516) 767-3600 / Fax:  (516) 767-3605